JAMES R. ROGERS v. JESSE H. RAY.

(Filed 15 October, 1930.)

1. **Evidence C c — The burden is on an intervener to prove the issue raised by him.**

    The burden is on an intervener in an action to prove the issue raised by him.

2. **Chattel Mortgages B c—Question of whether lien of conditional sales contract was lost by registration of subsequent chattel mortgage by vendor held for jury.**

    Upon the question in this case as to whether the lien under a prior conditional sales contract had been lost by the taking of a subsequent chattel mortgage, the evidence was of sufficient probative force to take the case to the jury, and the refusal of an instruction directing a verdict was proper.

3. **Appeal and Error E b—Where instruction does not appear of record it is presumed correct.**

    The correctness of an instruction not appearing of record is presumed on appeal.

APPEAL by intervener, The Mack International Motor Truck Corporation, from *Daniels, J.,* at second May Civil Term, 1930, of WAKE. No error.

The issue submitted to the jury and their answer thereto were as follows: "Is the intervener's title to the truck superior to plaintiff's title? Answer: No."

*S. W. Eason for plaintiff.*
*John N. Duncan for intervener.*

PER CURIAM. This is a civil action brought by James R. Rogers against Jesse H. Ray, to recover judgment on a note secured by a chattel mortgage and possession of six motor trucks described therein, and claim and delivery proceeding was instituted to recover possession of said motor trucks. The Mack International Motor Truck Corpora-

19—199

tion intervened in the action and claimed to be the holder of a first lien on one of the six motor trucks, to wit, one 2½-ton Mack, Model 1-AB, Chassis No. 576855, by reason of a conditional sales agreement recorded prior to the chattel mortgage held by the plaintiff. The plaintiff contended that the intervener's first lien had been lost by reason of its having taken and recorded two other conditional sales agreements covering said truck subsequent to the recordation of his chattel mortgage and introduced evidence tending to sustain the contention that the chattel mortgage of plaintiff was a first lien.

"The intervener becomes the actor and the burden of the issue is on the intervener." *McKinney v. Sutphin,* 196 N. C., at p. 321.

The exception and assignment of error made by the intervener: "For that the court erred in overruling the intervener's motion for a directed verdict in its favor and against the plaintiff when the plaintiff rested his case." The court below overruled this motion, and in this we see no error.

The evidence was not strong, but more than a scintilla and sufficient to be submitted to the jury. The charge of the court below is not in the record. The presumption is that the court below stated in a plain and correct manner the evidence given in the case and declared and explained the law arising thereon. C. S., 564. In the judgment we find

No error.